State v. Ellison

STATE OF NORTH CAROLINA v. JERRY ELLISON AND CHARLES ELLISON

No. 7324SC425

(Filed 25 July 1973)

**Criminal Law § 75— admission of incriminating statement — insufficiency of findings — harmless error**

Even if the trial court in an armed robbery prosecution erred in the admission of an incriminating statement made by defendant to a deputy sheriff for the reason that the record does not show any relation between such statement and the court's finding that "any statement" made by defendant to the officer was freely, understandingly and voluntarily given, such error was harmless beyond a reasonable doubt where a different result would not likely have ensued had such evidence been excluded.

APPEAL by defendants from *Falls, Judge,* 15 January 1973 Session of Superior Court held in WATAUGA County.

Defendants, Jerry Ellison and Charles Ellison, were charged in separate bills of indictment, proper in form, with the armed robbery of Steve Gurley and Dennis Clawson. Upon their pleas of not guilty, the State offered evidence tending to show the following:

At approximately 12:30 a.m., 2 July 1972, Steve Gurley and his brother-in-law Dennis Clawson, who were camping at

Tater Hill, heard "some people screaming and . . . a girl crying and begging someone not to shoot her" at a campsite 30 to 40 yards from their own campsite. Within a few minutes, three men approached Gurley's and Clawson's campsite on foot and two more men followed in a truck. The campfire illuminated the area and made "anyone distinctly visible within a radius of 8 to 10 feet." Three of the men were armed with shotguns and Charles Ellison had a knife. Dennis Clawson, who had attended school with both defendants, testified that Charles Ellison asked him " 'Dennis Clawson, what in the hell are you doing here?' and then he started talking to Steve Gurley and he told Steve he was going to burn his mustache off." Charles Ellison attempted to burn Gurley's mustache with a match, then pulled Gurley into the tent and began hitting him in the face. Gurley testified: "After I got up, Jerry Ellison began hitting me on and about the face with his fists." Walter Isenhour fired his shotgun over Gurley's shoulder twice during the altercation. Dennis Clawson testified:

> "The men then began to talk among themselves what they were going to do with us and what they were going to take, and then one of the men to the right of me came toward me with a shotgun and he told me he was going to kill me. I do not know who this man was. He was pointing the gun at me. It was a shotgun. He first pointed the gun at me and then he swung the butt of it at me and missed because he was drunk."

Gurley and Clawson then fled into the woods where they hid for approximately 45 minutes. As Gurley ran from the campsite, he "saw them distinctly pulling the tent toward their truck. The tent with all its contents." When Gurley and Clawson returned to their campsite, they found the following items of personal property had been taken with the tent:

> ". . . one billfold, containing approximately $22 or $23, one set of eyeglasses, one pair of shoes, one shirt, one jacket, one pocket knife, one set of switch keys, one sleeping bag . . . two pillows and three quilts . . . . "

The rear window of Clawson's automobile had been shot out, and the following items of personal property were stolen from the automobile:

> ". . . one tape player . . . ten tapes, one tape case, one 22-calibre rifle, one box of 22 shells, one pellet rifle, two

boxes of pellets, one pair of shoes, one battery charger, one pocket knife, one billfold, containing $5.00 and some important papers. One cigarette lighter and $3.00 worth of food and soft drinks and one hatchet . . . . "

Defendants offered no evidence and were found guilty as charged. From judgments imposing a prison sentence of 18 to 20 years as to each defendant, they appealed.

*Attorney General Robert Morgan and Assistant Attorney General Dale P. Johnson for the State.*

*Charles C. Lamm, Jr., for defendant appellants.*

HEDRICK, Judge.

Defendant, Jerry Ellison, contends the trial court erred:

" . . in allowing one of the State witnesses, to-wit, Johnnie Carroll, Chief Deputy of Watauga County, to testify as to what the defendant, Jerry Ellison, told him on July 17, 1972, about taking a 22 pellet gun from the campground, without first making a finding that the statement was voluntarily made."

Prior to the admission of the challenged testimony, the trial court conducted a *voir dire* hearing in the absence of the jury and, after hearing testimony of Deputy Sheriff Carroll, found and concluded that both defendants were fully advised of their constitutional rights and "that any statement which either Jerry Ellison or Charles Ellison made to the officer was freely, understandingly and voluntarily given, without any threat or without any promise and may be received by this jury."

There was plenary competent evidence to support these findings and conclusions of the trial court. "When the trial judge's findings are based on competent evidence in the record, they are conclusive, and the reviewing court cannot properly set aside or modify such findings." (Citations omitted.) *State v. McRae,* 276 N.C. 308, 314, 172 S.E. 2d 37, 41 (1970).

The record does not show clearly that the statement of Jerry Ellison challenged by this exception related to the finding that "any statement which either Jerry Ellison or Charles Ellison made to the officer was freely, understandingly and voluntarily given . . . . " The record shows, however, that when Jerry Ellison told Deputy Carroll that he took the pellet gun he had

---

State v. Ellison

---

been advised of his constitutional rights. Moreover, Deputy Sheriff Carroll had already testified that the defendants admitted "they were there" (referring to the site of the robbery). Assuming, *arguendo,* the court erred in admitting the challenged statement, it has not been made to appear that defendant was prejudiced thereby and that a different result likely would have ensued had this evidence been excluded. *State v. Barrow,* 276 N.C. 381, 172 S.E. 2d 512 (1970). Therefore, any error committed was harmless beyond a reasonable doubt. *State v. Hudson,* 281 N.C. 100, 187 S.E. 2d 756 (1972); *State v. Barrow, supra.*

Defendants assign as error the trial court's instructions on the law of aiding and abetting.

We find and hold that when considered contextually, the court properly declared and explained the law of aiding and abetting arising on the evidence in the case.

Defendants contend the trial court erred in failing to instruct the jury that felonious intent is an essential element of armed robbery.

In various portions of the charge before and after the challenged instructions, the trial court properly charged the jury that felonious intent is a constituent element of the offenses of armed and common law robbery. Therefore, when considered contextually, the instructions of the trial court are free from prejudicial error.

Defendants assign as error the denial of their motions for judgment as of nonsuit.

There was plenary competent evidence to require submission of the case to the jury and to support the verdict.

Defendants had a fair trial free from prejudicial error.

No error.

Judges BRITT and VAUGHN concur.